There are two cases for oral argument this morning. The first one we'll call up is Calvin Canady v. Clay County Mississippi. Ms. Cooper. Good morning, Chief Judge Stewart, Judge Jones, and Judge Owen. May it please the court, I am Rhonda Cooper, counsel for Calvin Canady. It is our position that Clay County Sheriff Eddie Scott, a decision and policy maker for Clay County Mississippi and the executive officer responsible for the detention and transport of Clay County detainees, imposed a detention sentence upon Calvin Canady that began January 23, 2013 and continued thereafter for 264 days. And this detention sentence was prolonged and unconstitutional, thus negating Sheriff Scott's defense of qualified immunity and warranting reversal of the district court's finding in favor of Sheriff Scott. Calvin Canady's 14th Amendment due process right to not be held for an extended period without further process was clearly established in 2013 by the United States Supreme Court's decision of Anderson v. Crichton in 1987, which this court specifically cited in Jotch v. Choctaw County Mississippi at page 436 of that opinion. The right at issue was clearly established and its contours sufficiently clear that any reasonable official would understand that the Constitution forbids confining criminal defendants for a prolonged period prior to and before the court. I understand Your Honor's concerns about what facts will satisfy the qualified immunity standard as it relates to what constitutes a violation of rights and what is a prolonged detention with regard to SANE. We respectfully submit the facts of Mr. Canady's case will address those concerns for the court. The first query is whether there was a violation of Mr. Canady's clearly established constitutional right. The bench warrant issued by Circuit Court Judge Coleman in October 2012 commanded the Sheriff not only to arrest and detain Mr. Canady but to also bring him before the Clay County Circuit Court to answer why he had not appeared the first day of the October 2012 term. The next term of court for Clay County Circuit Court was January 2013. So that court only has what? Four terms Your Honor. In the calendar year? In Clay County Your Honor. In the calendar year? January, April, July, and October. Is that because of population or number of judges or what do the judges just sort of rotate in a circuit? They do rotate Your Honor. There are two judges but those four it's the one four counties that make up that 16th Circuit Court District and the court has those four terms per year. So if something occurs of consequence in between the terms it just awaits the next term? I mean there's no other? No Your Honor. As our facts are here Mr. Canady missed the October 2012 term of court was thereafter arrested on November 9, 2012. Thus he had to await the January 2013 term and the court convened on January 23, 2013 to hear cases including Mr. Canady's because he had been arrested between the court terms. Out of curiosity how many weeks out of the term are judges there? I mean are there just a few weeks each quarter? Each of those terms Your Honor the court convenes the first Monday and they and in January of 2013 January 2013 that date was set for January 23rd. The next term would have been April 23rd. 40 days out of 365? Yes Your Honor. But it's a small county? Oh yes ma'am it is yes Your Honor. My understanding is that he was represented by counsel the entire time? Your Honor that is not correct and let me suggest that Mr. Canady had been released pursuant to the sheriff's own appearance bond in April 2012. He did appear at the next term July 2012 to write to enter his plea of guilty to waive the arraignment at which time he was appointed counsel from the public defender's office. Oxford? Yes Your Honor and it is our intention that had he been brought to court on January 23rd 2013 he would have met with Mr. Holford his then appointed public defender to discuss the case to discuss his innocence and the feigned case that had brought by him Mr. Donnell Garrett who during Mr. Canady's detention was also detained in the Clay County Jail because as the record reflects when Judge Coleman entered the order to null pross the case against Mr. Canady the court cited specifically that the state could not make its case because it could not find the material witness Mr. Donnell Garrett who purportedly had given a statement to the West Point Police Department back in March of 2011 but that defendant was also in the Clay County Jail along with Mr. Canady throughout his prolonged detention. Good grief. Well but um Mr. Hosford remained as uh counsel through January or he resigned right before January? Well Your Honor and then another fellow came in as his counsel. Well Your Honor whomever the public defender was on January 23rd 2013 had Mr. Canady brought been brought to the court he would have met with either Mr. Holford or Mr. Client. Go ahead. That's okay. Why did he does he have to be brought to court to meet with counsel? Why can't counsel go meet him? Well Your Honor per the bench warrant that had been issued by Judge Coleman it directed the sheriff to bring Mr. Canady before the court to appear and answer for his failure to appear on October 2012. There would have the custom is for the sheriff to respond to the bench warrant whether counsel is appointed or not but in this instance Mr. Canady had been appointed the public defender and in common practice in Mississippi the detainee will meet with the public defender in court so the onus was on Sheriff Scott to respond to the bench warrant to bring Mr. Canady before the court by denying him his appearance before the court he also denied him the opportunity to meet with counsel to discuss his innocence the feigned statements that had been levied against him by Donnell Garrett and also Your Honor to have the case set for the very next term which would have been April 2013. Is that is the evidence of this custom that he meets with his counsel in court is that in the record? No Your Honor that is not in the record Your Honor but it is understood that the sheriff and particularly Sheriff Scott testified that the bench warrant issued by Judge Coleman was an order from the court cited at the record at pages 602 and 603 and I quote the only way that he can get out of jail on a bench warrant is he's got to go before the judge and that's not going to happen if his attorney is not there close quote at page 628 of the record excuse me Mr. Canady had had counsel appointed in July 2012. Sheriff Scott further testified that he knew Judge Coleman was having court and that Mr. Canady's case was on the docket and that Judge was his judge. Our circuit clerk Mr. Harrell testified that not only had he placed Mr. Canady's motion to dismiss the indictment and be brought before the court and the executed return of the bench warrant as well as placing Mr. Canady's name on the progress sheet and the pursuant to the duly served and executed bench warrant. All right the case was continued in January how did that happen? Because Mr. Canady had not been brought before the court Your Honor had he been brought before the court at a minimum the case would have been continued to the April 2013 term but we submit during that time January and April of 2013 Mr. Canady would have opportunity to meet with whomever the public defender was. Who moved for continuance? Your Honor I'm sorry Your Honor. Who moved for continuance? One in January excuse me Your Honor in December of 2012 the circuit judges reappointed the public defenders. I'm not certain who moved for the continuance but the fact that Mr. Canady was not before the court. Well did Mr. Canady's for him? The action taken by the continued Your Honor Mr. Client was substituted for Mr. Halford for reasons unknown to counsel at this time. When did that take when did this when did Mr. Client become his counsel? The docket sheet suggests that Mr. Halford's name was scratched out and Mr. Client's name was placed. I can only suggest Your Honor that that would have happened sometime after January 23rd because Mr. Canady was not present before the court at that time. Ordinarily you know we get well I shouldn't say ordinarily but frequently we get these scenarios with qualified amenity in a summary judgment context and the argument is summary judgment should here there was a bench trial earlier the judge denied qualified amenity so this went to a bench trial so the sheriff testified I mean did all the pertinent parties testify during the bench trial? Yes Your Honor. Okay so you cited George and then we've got Jones and some other cases so which is the best case you think is closest to yours in terms of relief you seek on qualified amenity? Well Your Honor I think the George standard sets forth and certainly our case furthers that and that what every reasonable sheriff should know relative to an unlawful and unconstitutional detention. We suggest and submit that Mr. Canady had clearly established rights as of 2013 through the 14th amendment due process clause and that Sheriff Scott's conduct in failing to bring him before the court on January 23rd was not objectively reasonable. Your Honor I understand the court raising the question about summary judgment but Judge Davidson as he considered the question of qualified immunity for Sheriff Scott in his second motion for summary judgment specifically had concerns about whether the sheriff was entitled to it. Well exactly and I was only not concerned about it just noting that more often than not when we these they're in a summary judgment kind of here you had a full bench trial which from your standpoint to me is a good thing because all the evidence is laid out. Judge Davidson distinguished Josh on the basis I think that Canady was represented by counsel throughout and that counsel had a number of continuances and so as I understood him distinguishing the case that was it so you know it just sort of comes back to the question of representation of counsel and whether the delays to a great degree were attributable to the continuances as opposed to I guess the institutional way things are set up. But your honor the day the pivotal day the day in question was January 23rd the day that the court had term the day that the the sheriff had every opportunity to bring Mr. Canady before the court that was the determinative and dispositive day on that day Mr. Canady would have been before Judge Coleman himself he would have had opportunity to further assert his innocence per the motion to dismiss the indictment he would have had an opportunity to meet with counsel and the trial would have been set for the April 23rd excuse me April 2013 term and had that matter been brought before the court on January 23rd set for April 2013 that would have reduced his stay in the Clay County Jail by 180 days he had to remain it was set it was continued until April of 2013 was my understanding and then Mr. Clyde asked for a another continuance but your honor why why not your honor the sheriff failed to provide Mr. Canady the opportunity to be present on the day that he was scheduled to be there I understand and I understand what you're saying and I think this all very unfortunate series of mistakes but they but you were saying that he should have been tried on April in April of 2013 and what I'm saying I understand the record to show is that but for his counsels moving for continuance he would have been set for trial on uh in April and there would have been also your honor the opportunity to in the Clay County Jail thank you your honor okay well you've reserved your rebuttal time so you'll have a chance to come back up yes sir thank you all right Mr. Huskison may it may it please the court and initially I wanted to address a couple of things um and of course Sheriff Scott agreed that the bench warrant the language in the bench warrants talks about instant term but it does not and Judge Coleman does not require a sheriff to produce somebody as soon as they're arrested what he requires is that once they're arrested that they're available for court when we got all that and she's sitting here telling us that he didn't he wasn't transported to the court in January what happened in January your honor in January once the case was on docket Mr. Kennedy's case was on the docket he was represented by public defender Mark Clyde Mr. Clyde had been appointed in January on January 1, 2013. Mr. Clyde was there for the entire two weeks of the term and Judge Coleman set a motion date for January 23rd I think that's the date Miss Cooper's just talking about on that date Kennedy's case was discussed by Mr. Clyde with Judge Coleman and that is Mr. Clyde's testimony is that in the record at 868, 869, 871 and 72 and Mr. Clyde was not prepared to go forward and that wasn't in your brief was it was that in your brief the particular testimony from Mr. Clyde you didn't explain I don't think your brief explained what happened in January I think what I did if I remember correctly your honor is just referenced those pages from Mr. Clyde because there's a reference that there was some confusion in getting his file that's correct your honor and there was there's no question about that Mr. Hosford represented him initially was appointed July I believe it was July 2012. How are these uh do these public defenders do do regular attorneys cycle in and out as public defenders? Generally your honor they're appointed by the judges they don't necessarily cycle out unless there's some issues with the the ones that are appointed there was no nothing in the record about why Mr. Hosford was replaced by Mr. Clyde. Okay but it's not as if they have a an office of public defenders he's the public defender for Clay County I guess. Correct your honor there are actually two of them. Okay. Mr. Clyde was it initially was Mr. Hosford for Mr. Kennedy's case and then Mr. Clyde took over in January and there's communication and Mr. Kennedy talked at a trial about his efforts to communicate with his client with his attorney he was aware you know that Mr. Hosford was his attorney initially and then in several court filings he copies Mr. Clyde and indicates you know him as his attorney uh throughout and so he was represented throughout not commenting on how well represented but he was represented and had an opportunity. Mr. Clyde client moved for continuance? It's unclear how it happened he was in with the judge and said I don't know enough about this case and it was just moved to April. There's no there's no order in the in the court file about the moving the case to April. But it was. The sheriff had no the sheriff had no. He didn't say if my client was here I'd be ready. No. Did he say? There's nothing in the record that indicates that Mr. Clyde just says I had I discussed it with with Judge Coleman. This is this is a discussion between a public defender and a judge. The sheriff has nothing to do with that discussion. What the sheriff's role and what he testified to clearly was that if the the court or council wants to hear from Mr. Kennedy he will have him available with him. The jail is five minutes from the court and he's ready to have him there. How many people are in the jail at any given time? Your honor it's 90 to 140 and what that if as part of the record the docket sheet the progress sheets it's we've got one or two pages from each of those but it's a it's like page five or six so it's a big docket and it's got numerous cases on there and the sheriff the sheriff waits to hear who who the who the court wants to hear from on any particular day and that's how that's what he was doing here and waiting to hear from the court on whether Mr. Kennedy Mr. Kennedy was represented by counsel so he had a voice in that courtroom and that's what that's what prompted the continuance and then again in April Mr. Clyde recognized I think this is in the brief he recognized a conflict of interest because he had set the initial bond I for Mr. Kennedy and they appointed a special prosecutor Mr. Voller who's from Oktibbeha County a neighboring county and they continued it again because Mr. Voller public defenders is yes your honor and so he Mr. Voller took over moved to continue again and it was just a process where it was just continued because of folks that were public defenders that were getting involved in the case were not prepared to go forward and looking and just reviewing some of what happened here the the reason we Mr. Kennedy was in jail is because he failed to appear and at the and when Judge Coleman issued that bench warrant Mr. Kennedy's counsel represented that he had not been able to get in and so that's what prompted the bench warrant on October 9 2012 and then he was arrested eventually down in Rankin County and brought up to Clay County or mid-November November 9 I believe your brief did say that counsel could move to have the case transferred to a near a nearby county right to get a quicker hearing or is that possible I think what what the what I speak to and it's a point that Ms. Cooper made she indicated that that they wait till the next term before they can be heard that's not what the record shows the record and evidence indicates that if counsel for example when Mr. Kennedy didn't appear he's arrested he's over in jail on November 9 he's by his own testimony is trying to get in touch with counsel back and forth with if he wants Judge Coleman to hear a motion for to set reset bond reset that bail he can file a motion and Judge Coleman will hear that outside of Clay County in the other in other it's four different counties we got October Hall, Clay, Lowndes and Knoxville and and those kind of motions are are common in the sense that if if Mr. Kennedy and his counsel want to present something to the Judge Coleman about why he was not there and why his bond should be reset they're able to do that. And the sheriff will transport him to the other county? The sheriff will do whatever the whatever the court asked him to do or whatever if requested by counsel. Did Judge Coleman testify he Judge Coleman testified in the bench trial right? Yes. Yes your honor. Did he testify to that effect of what you just said with respect to the potential to transfer? Yeah what his testimony was that in order for Mr. Kennedy to come before him after serious deal when you don't show up for trial and so in order for Mr. Kennedy to come before him after he didn't show up for his trial and his bond was revoked essentially is that his counsel has to get a file a motion to get a hearing before him and he talked about that in his testimony. Your honors the the one of the big points I think here Mr. Hosford who initially represented him represented the court that he he could not get contact to him that's why his bond was revoked and a a bench warrant was issued throughout the process at the Clay County uh jail Mr. Kennedy was aware he was represented by counsel there are motions that he filed with the court not these are not with Sheriff uh Scott they're with the court that copy Mark Clyde the district attorney and Judge Coleman and the primary as you as you look through those motions and those requests for relief is that I'm innocent that you know that this these are false charges the normal things you would see he wrote one letter uh and may have written others he talked about writing others but there's one letter in the record only one and I believe it was in January of 2013 and in that letter it's to it's to Sheriff Scott he does not talk about you know not being able to get in touch with counsel counsel won't work with me I can't get counsel to sit hearings I can't get I can't get before the court he talks about his innocence and the problems that he's having or the concerns he has with the detective that arrested him or that filed the charges and arrested him and another important point I think is for the purpose of this the bench warrants the important thing whether the sheriff complied with what Judge Coleman wanted him to do but the charges were West Point charges they weren't Clay County charges Sheriff Scott had nothing to do with bringing the charges against Mr. Kennedy it was a city of West Point detective um and and that's what he was that's what Mr. Kennedy was complaining to Sheriff Scott about and that I'm innocent these charges are bogus Sheriff Scott once the return was filed and Kennedy's case was on that January docket nothing had been done in terms of getting Kennedy before Judge Coleman from November 9 to January 23 by his counsel or anyone else and there was that time frame then his case was on the docket in the normal course because that's the next term of court as as Miss Cooper said who tested was there any testimony about what happened in January or is this just from a docket notation who testified what happened in January at the court yes it was just the only record evidence of that and your honor is from Mark Clyde where he indicates that he discussed the case with Judge Coleman it was you know didn't have the file was ready to go forward and so that that resulted in the uh in the continuance uh to the April term if Mr. Kennedy had showed up in October would his case have been tried at that time he had showed up in October yes your honor the October 2012 yes sir yes your honor the state had witnesses subpoenaed they were ready to go forward and that was that was why it was such a your honor is Judge Coleman testified in terms of once your bond is revoked for not appearing for your trial that it's got to be some pretty serious reason that you didn't show up and he was as a hypothetical we talked to asked him at trial if what Mr. Kennedy said was somebody told him he didn't have to be there and Judge Coleman said we would not have I would not have set bond again for even if he had told me that was the reason because that's not sufficient to not show up for trial he says lawyer told him that or just somebody he said he said I think well the way I remember your honor is it was detective Birchfield the West Point detective that he's got issues with throughout you know throughout this process he's concerned with the way detective Birchfield handled it and that's primarily if you when you look at the filings with the court from Kennedy he filed a lot of things he would reference pro se and then say and then but then reference his counsel you know my appointed counsel Mark Clyde would be you know in all of his filings and and so you know that that was the big that is that was a primary issue for Judge Davidson as you see throughout his opinion that once even before he failed to appear for trial he was arrested I mean excuse me he was represented by counsel initially Hossford and then Mark Clyde in January of 2013 and then moved to Austin. Represented is a strong word. Sure yeah and your honor a point that Ms. Cooper made was that by not allowing by not bringing Kennedy to court he couldn't meet with his counsel that's that's just not I mean you can meet with you counsel can call and meet with you anytime they want Sheriff Scott never inhibited or prohibited Kennedy from meeting with his counsel and Kennedy testified in regard to Mark Clyde. Mr. Clyde told the way I understand it from Kennedy's testimony and it's in the record that the day before the April trial date when the term was starting he told him he had a conflict and couldn't represent him. It's an unfortunate set of circumstances without question. So when the case was set in October 2012 you said had he shown up then everything was ready to go? Ready to go yeah that's correct. I thought I read somewhere in some later scenarios the there were some additional continuances of two terms because of some additional investigation or some kind of pre-trial issues so were those based on motions by defense counsel or were there things where the case wasn't really ready? They were based motions for continuance by Mr. So that was that Clyde was out of the case and the new lawyer has to Clyde as I understand figured out later he had a conflict because he had been the municipal court judge who set the initial bail for which is sort of strange uh the initial bail in the case so then Valler was he the last lawyer? He was the last one your honor in April what Mr. Clyde recognized the conflict he requested to withdraw as counsel that motion was granted in the case and then Valler was appointed and it continued to allow Baller opportunity to get up to speed on the case. That's the way it flowed through the process. What the the bottom line is for is Sheriff Scott and qualified immunity. Let me ask you does this kind of series of uh a very unfortunate actions occur very often do fellows often hang around in the jail there for six to nine months? Not that we're aware of your honor this is the first this is an unfortunate circumstance that that happened for various reasons but but we don't we believe that Sheriff Scott uh did not you know acted in accordance with what having Mr. Kennedy available for trial. Well does the public defender frequently ask to go to another county to move things along so that your honor their clients aren't sitting there for three months at a time? I'm not familiar with whether that happens a lot I think what I would say to that based on what Judge Coleman's testimony was because he talked about having to deal with this one or two times since he took over on the bench in 2010 was that in the most in the normal course a defendant shows up for trial so he doesn't have to deal with this often and so this is it's an unusual circumstance situation in that regard for that reason as well. So what Sheriff Scott in this case he did as Judge Coleman has testified clearly that as he was requested this is not a situation of arraignment or bail uh Kennedy had already had bond set and didn't show up and it was going to need bond reset. The sheriff had testified which is a little different from what is actually different from Choctaw County. The sheriff has authority to set bond initially outside of term so there's not a situation where somebody gets arrested they they come into Clay County and they cannot have bond set if it's outside of term the sheriff has authority and does set bond routinely. This is a situation where bond was revoked for failing to show up at trial. There Sheriff Scott according to Judge Coleman complied with everything that he was supposed to do. The other important aspect in terms of due process is the process was available and that is have his attorney set a file a motion and get get him before the judge and that that never happened and Sheriff Scott still set ready and willing to take him wherever he was requested to take him. The um Mr. Kennedy's case it was considered in January 23 we talked about that already very briefly with Clyde saying I don't know anything about the case I don't have the file yet whatever he told Judge Coleman it's in the record um and then so it was continued from there to April to April term again represented by counsel Clyde said he had a conflict at that point it was moved to Bala. Bala was appointed and so on and so on. At all of those points counsel was there on behalf of Mr. Kennedy in the courtroom so he had representation albeit not what he wanted but somebody was there on his behalf in the courtroom and Mr. Kennedy acknowledged his counsel in all of his filings where he would say Mr. Clyde he would copy Mr. Clyde on anything he filed with the court. We believe we think the evidence showed and Judge Davidson was it was correct in finding that Scott did not act with objectively unreasonable here and we would ask that you affirm the decision of Judge Davidson. All right thank you sir. This matter is about the bench warrant that Sheriff Scott failed to act pursuant to. Mr. Kennedy did not appear before the court October 2012. Judge Coleman directed per the bench warrant that Mr. Kennedy be brought before the court to answer to appear and to answer for his failure to appear. Sheriff Scott's failure to act pursuant to the bench warrant was a blatant disregard of his. What was the evidence at trial? Was there evidence at trial that if just if the sheriff had brought Mr. Kennedy to the courtroom it would have gone forward? He would have answered your honor per the bench warrant and sheriff what would have happened what if if it's if the record says that his own lawyer said I'm not ready to go forward what evidence countered that? Mr. Kennedy had filed his own motion to appear before the court that was duly filed in his record. That motion would have been heard would have been argued either by Mr. Kennedy. What's the evidence of that? That is in the record your honor that he filed that motion. What's the evidence that would have been heard when his lawyer is telling the judge I'm not prepared to go forward? Your honor I would suggest that at a minimum Mr. Kennedy would have answered to the court for himself. The sheriff. What was the evidence at trial about this? Well the sheriff would he would have been there your honor. He was not there and he never appeared one day before Judge Coleman to answer pursuant to the bench warrant. The sheriff is not relieved of his statutory duties to act pursuant to the bench warrant. Even if the defendant's client is telling the judge I'm not ready to proceed. Your honor we submit that that's all after the fact. That's all speculative. That's testimony at trial in November 2017. The critical day for the address was January 2013. That's testimony that was given after the fact. That's his his lawyer's testimony. But your honor had his law had Mr. Kennedy been there January 2013 the matter could very well have been resolved. Who testified to that fact? Mr. Kennedy. Okay. Because he had filed the motion that even Judge Davidson acknowledged he had well within his what evidence was there that I still what I'm hearing is the sheriff said I'll take him over there whenever the lawyers and the judge tell me to. The judge told him in that bench warrant to bring him your honor. And the sheriff was waiting that day to bring him if the judge and the lawyer said bring and the lawyer said don't bring him I'm not ready to proceed. Your honor there's no testimony that anyone told the sheriff not to bring him. The sheriff did not bring him. What is the evidence at trial that had he been brought there he something would have happened? Your honor the testimony is clear that at a minimum the sheriff is responding to his statutory duties to act pursuant to the bench warrant. Had he been there a number of things could have taken place your honor but he was never brought there. What's testified at trial that he would have been able to protest his innocence had he been brought before the court on January 23rd 2013. And that was what Sheriff Scott was directed to do and he failed to do that. He failed to abide by his statutory duties and to detain Mr. Kennedy for 264 days was a blatant disregard of Mr. Kennedy's 14th amendment right to due process. Excuse me his counsel for have you sued his counsel the public defender yes no your honor no. We brought the claim against the county who was liable for miss for Sheriff Scott's actions because he is a final policy decision maker for Clay County Mississippi as the official responsible for detention and transport. That is a statutory duty set out by Mississippi Code section 19-25-35 and based on his failure to act pursuant to that bench warrant it is our contention that he violated Mr. Kennedy's due process rights to the 14th amendment and that that violation was not objectively reasonable. He is not entitled to qualified immunity and the the case will be submitted we'll decide it all right we'll call up the next case Otis Grant versus Harris County